UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jennifer V. Kurland, *et al.,*

    Plaintiffs,

v.                                                                 Case No. 10-12876

RBS Citizens, N.A., *et al.*,                              Honorable Sean F. Cox

    Defendants.
_____/

## OPINION & ORDER
## DENYING PLAINTIFFS' MOTION TO TRANSFER WITHOUT PREJUDICE
## AND STAYING THIS ACTION FOR 60 DAYS

    Plaintiffs are three individuals who filed this action asserting claims under the Fair Labor Standards Act – claims they wanted to pursue in an existing collective action against Defendants pending in the Northern District of Illinois ("the Ross Action"). The judge presiding over that action, however, established a deadline for filing consent forms and Plaintiffs failed to meet that deadline. This Court's research reflects that in circumstances such as this, Plaintiffs' counsel often files a motion asking the judge presiding over the pending action to allow the late-filers to join the existing collective action. That was not done here. Rather, Plaintiffs filed their action here and then, shorting after doing so, ask this Court to transfer the action to the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a) and/or the "first-to-file rule."

    These are unusual circumstances. Having reviewed the parties' briefs, and holding oral argument on December 2, 2010, the Court concludes that the most appropriate course is to deny Plaintiffs' motion without prejudice, but stay this action for a period of 60 days, to allow Plaintiffs the opportunity to request authorization to proceed in the Ross Action.

1

BACKGROUND

This action involves claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("the FLSA"). The FLSA given employees the right to bring their FLSA claims through a "collective action" on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b). "A collective action is similar to, but distinct from, the typical class action brought pursuant to FED. R. CIV. P. 23. The principle difference is that plaintiffs who wish to be included in a collective action must affirmatively opt-in to the suit by filing a written consent with the court, while the typical class action includes all potential plaintiffs that meet the class definition and do not opt-out." *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010); *see also Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

Such a FLSA collective action was filed against Defendants RBS Citizens, N.A. d/b/a Charter One and Citizens Financial Group, Inc., ("Defendants") in the Northern District of Illinois, by a plaintiff named Synthia Ross. ("the Ross Action"). The Ross Action involves claims by Charter One branch employees in Illinois, Indiana, Michigan, and Ohio. It is undisputed that the judge presiding over that action, the Honorable Joan Humphrey Lefkow, conditionally certified the Ross Action as a collective action under the FLSA, issued an order requiring notice to potential class members, and ordered that any individual who wished to opt into the Ross Action had to opt-in by filing a written consent form. The opt-in deadline was May 11, 2010.

The three Plaintiffs in this action are Jennifer Kurland ("Kurland"), Karen Hastings ("Hastings") and Delorse Wilson ("Wilson"). It is undisputed that each of these women returned a consent form in the Ross Action – but did so after the May 11, 2010 opt-in deadline. Kurland

returned her consent form on May 12, 2010 – **one day past the opt-in deadline**. Wilson returned her consent form on May 13, 2010 – **two days past the opt-in deadline**. Hastings returned her consent form on May 19, 2010 – **eight days past the opt-in deadline**. (Ex. D to Pls.' Br.).

Plaintiffs' Counsel states that he requested that Defendants allow the three forms returned by Plaintiffs to be accepted late in lieu of filing a new lawsuit in Michigan on their behalf and that Defendants would not agree. (*See* Pls.' Br. at 4). Plaintiffs' Counsel did not, however, file a motion or any other submission in the Ross Action asking **the Court** to extend the opt-in deadline or accept their consent forms after the deadline.

On July 21, 2010, Kurland and Hastings filed this action against Defendants asserting FLSA claims. Plaintiffs filed an Amended Complaint on July 26, 2010, in order to add Wilson as a Plaintiff. It is undisputed that Plaintiffs' Amended Complaint in this action alleges the same violations of the FLSA that are alleged in the Ross Action.[1] All three plaintiffs either are or were employed by Defendants in Charter One branches in Michigan. Plaintiffs' Counsel in this action is the same counsel who is representing the plaintiffs in the Ross Action and Defense Counsel is also the same in both actions.

On August 17, 2010, Plaintiffs filed the instant Motion to Transfer Venue (Docket Entry No. 9), wherein they ask this Court "for an order transferring venue of this matter to the Northern District of Illinois so that it can be consolidated with" the Ross Action.

ANALYSIS

Plaintiffs' motion asks this Court to transfer this action to the Northern District of Illinois

---

[1] The Ross Action also includes claims not asserted by these three plaintiffs, such as claims under the Illinois Minimum Wage Law.

under 28 U.S.C. § 1404(a) and/or the "first to file rule." Plaintiffs contend that this action should be transferred to the Northern District of Illinois, where the same claims are already being litigated and the parties are being represented by the very same counsel.

Defendants, on the other, assert that to grant the motion "would eliminate the deadline for opting in to Ross that the Northern District of Illinois established, and defy that Court's order. Indeed, plaintiffs' reasoning would prevent any court handling an FLSA collective action from ever establishing a final class of plaintiffs, because anyone who missed the opt-in deadline could simply file a new action, and, claiming the benefit of the 'first-to-file,' demand transfer and consolidation." (Defs.' Br. at 2).

In support of their motion, Plaintiffs directed the Court to *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 2008 WL 4712769 (N.D. Cal. 2008). Plaintiffs assert that although it "presents a different procedural mechanism for allowing these three Plaintiffs to transfer their claims" to the Ross Action, they believe it is instructive to show that their actions are not in bad faith or would be inequitable. (Pls.' Reply Br. at 6).

Wells Fargo was a FLSA collective action, wherein the court set a deadline for the filing of consent forms but numerous individuals filed forms after that deadline. The late-filing plaintiffs filed a motion asking the court to allow them to proceed in the collective action despite having filed late. The court allowed those who filed within one month of the deadline to join the case, and also ruled that those filing beyond that time could proceed in the action if they could show good cause for their delay.

In addition, this Court's own research reflects that in numerous other cases, Plaintiffs have entered a FLSA collective action after having filed a consent form after the court's deadline

4

by this same procedural mechanism – **requesting authorization to proceed from the judge presiding over the case.** *See, e.g., Raper v. State of Iowa*, 165 F.R.D. 89 (S.D. Iowa 1996); *Wilson v. Guardian Angel Nursing, Inc.,* 2008 WL 4890589 (M.D. Tenn. 2008); *Robinson-Smith v. Government Employees Ins. Co.*, 424 F.Supp.2d 117 (D.D.C. 2006); *Schaefer-LaRose v. Eli Lilly & Co.*, 2008 WL 5384340 (S.D. Ind. 2008); *Ruggles v. Wellpoint, Inc*., 687 F.Supp.2d 30 (N.D. N.Y. 2009); *Schneider v. City of Springfield*, 1998 WL 1572763 (S.D. Ohio 1998); *Michigan Supervisors' Union, Office & Professional Employees Intern. v. State of Michigan, Dept. of Corrections*, 826 F.Supp. 1088 (W.D. Mich. 1993); and *Wren v. RGIS Inventory Specialists*, WL 1773133 (N.D. Cal. 2009).

While on a practical level it makes little sense to have this action proceed separately in this district, this Court does not wish to circumvent the opt-in deadline imposed by Judge Lefkow.

At the December 2, 2010 hearing, Plaintiffs' counsel stated that while he did not file a motion or other submission in the Ross Action asking the Court to extend the opt-in deadline or accept Plaintiffs' consent forms after the deadline, in hindsight, he believes that would have been appropriate.

Having considered the parties' arguments, and the unique circumstances presented, the Court concludes that the most appropriate course is to: 1) deny Plaintiffs Motion to Transfer without prejudice; and 2) stay this action for a period of 60 days, to allow Plaintiffs the opportunity to request authorization to proceed in the Ross Action from Judge Lefkow.

CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiffs' Motion to Transfer is DENIED WITHOUT PREJUDICE.

5

IT IS FURTHER ORDERED that this action is STAYED for a period of 60 days, in order to allow Plaintiffs to the opportunity to request authorization to proceed in the Ross Action from Judge Lefkow.

IT IS FURTHER ORDERED that the Court shall hold a status conference with the parties on **February 14, 2011 at 2:00 p.m.**

IT IS SO ORDERED.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: December 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 9, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez  
Case Manager